**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| ASHLIE MUNCEY and JONATHAN TUCKER, as Surviving Parents of Loyce Tucker, and ASHLIE MUNCEY, as Administrator of the Estate of Loyce Luther Tucker, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS LEE HICKS, Jr., JIMMY MOORE, and THE GEORGIA DEPARTMENT OF JUVENILE JUSTICE,<br><br>Defendants. | ) | CIVIL ACTION<br>FILE NO. 5:23-cv-00078-LGW-BWC |

**ANSWER AND DEFENSES OF DEFENDANTS GEORGIA DEPARTMENT OF JUVENILE JUSTICE AND JIMMY MOORE TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Georgia Department of Juvenile Justice ("DJJ") and Jimmy Moore respond to Plaintiffs' Second Amended Complaint (Doc. 47) as follows:

FIRST DEFENSE

The Second Amended Complaint fails to state a claim against these Defendants upon which relief can be granted.

SECOND DEFENSE

Defendant Moore did not deny Plaintiffs or Loyce Tucker any rights, privileges, or immunities secured by the Constitution or laws of the United States.

THIRD DEFENSE

Plaintiffs' claim against Defendant Moore is barred by the doctrine of qualified immunity.

FOURTH DEFENSE

Defendant Moore cannot be held liable under 42 U.S.C. § 1983 for any actions involving Loyce Tucker in which he did not directly participate or of which he had no knowledge or over which he had no control.

FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis that an individual defendant sued in his official capacity is not a "person" subject to suit under 42 U.S.C. § 1983.

SEVENTH DEFENSE

Subject matter jurisdiction is lacking to the extent this action is barred by sovereign immunity.

EIGHTH DEFENSE

These Defendants deny they were negligent or otherwise guilty of any wrongful act alleged in Plaintiffs' Second Amended Complaint.

NINTH DEFENSE

Plaintiffs' action against Defendant DJJ should be dismissed to the extent it seeks recovery for losses resulting from acts or omissions for which there is no waiver of sovereign immunity under the Georgia Tort Claims Act, pursuant to O.C.G.A. § 50-21-24, possibly including but not necessarily limited to sub-sections (2) and (7).

TENTH DEFENSE

Plaintiffs' action against Defendant DJJ should be dismissed to the extent it seeks recovery for losses resulting form the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, for which there is no waiver of sovereign immunity under the Georgia Tort Claims Act, pursuant to O.C.G.A. § 50-21-24(2).

ELEVENTH DEFENSE

Plaintiffs' action against Defendant DJJ should be dismissed to the extent it seeks recovery for losses resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contractual rights, for which there is no waiver of sovereign immunity under the Georgia Tort Claims Act, pursuant to O.C.G.A. § 50-21-24(7).

TWELFTH DEFENSE

These Defendants committed no negligent, or otherwise tortious, act or omission that would entitle Plaintiffs to recover against these Defendants in this case.

THIRTEENTH DEFENSE

The sole proximate cause of Plaintiffs' alleged injuries and damages, if any sustained, was the negligence of a person or persons for whose acts or omissions these Defendants were and are not liable, with the result that Plaintiffs are not entitled to recover against these Defendants in this case.

FOURTEENTH DEFENSE

Plaintiffs' alleged injuries and damages were not proximately caused by an act or omission on the part of these Defendants, with the result that Plaintiffs are not entitled to recover against these Defendants in this case.

FIFTEENTH DEFENSE

Plaintiffs' action against these Defendants is barred in whole or in part because these Defendants breached no duty that they owed to Plaintiffs.

SIXTEENTH DEFENSE

This action is barred in whole or in part by the doctrine of proximate cause.

SEVENTEENTH DEFENSE

Defendant DJJ cannot be held liable based upon the theory of *respondeat superior*.

These Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiffs' claims or contentions are more particularly identified. Subject to and without waiving any of the foregoing defenses, these Defendants respond to the individually numbered paragraphs of the Second Amended Complaint as follows:

**RESPONSE TO "PARTIES, VENUE, AND JURISDICTION"**

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

2. These Defendants admit Loyce Tucker died on August 11, 2022, and are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in this paragraph, and thus can neither admit nor deny the same.

3. Admitted.

4. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

5. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

6. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

7. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. These Defendants admit that Defendant DJJ is a state government entity as that term is defined in the Georgia Tort Claims Act ("GTCA").

13. These Defendants admit that Defendant DJJ must, not "may," be served with process through its Commissioner, Shawanda Reynolds-Cobb, at her usual office address, 3408 Covington Highway, Decatur, Georgia 30032, and show that service of process must be perfected as set forth in O.C.G.A. § 50-21-35.

14. These Defendants admit that the Department of Administrative Services ("DOAS") must be served with process through its Director of Risk Management Services, Wade Damron, at his usual office address, 200 Piedmont Avenue SE, Suite 1220, West Tower, Atlanta, Georgia 30334, and show that service of process must be perfected as set forth in O.C.G.A. § 50-21-35.

15. Admitted.

16. Admitted.

17. These Defendants admit that venue is proper in this Court and this Court has personal and subject matter jurisdiction over Defendant Moore, deny subject matter jurisdiction as to Defendant DJJ, and deny any remaining allegations contained in this paragraph.

**RESPONSE TO "FACTS"**

18. Admitted.

19. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

20. These Defendants deny that Defendant Hicks was employed at the Waycross RYDC as a from July 2021 until August 16, 2022. In further response, these Defendants show that Defendant Hicks was employed as a juvenile correctional sergeant from November 2021 until August 16, 2022, and these Defendants deny any remaining allegations in this paragraph.

21. These Defendants admit that Defendant Moore was the director of Waycross RYDC at all relevant times and deny any remaining allegations in this paragraph.

22. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

23. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

24. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

25. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

26. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

27. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

28. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

29. Denied.

30. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

31. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

32. Admitted.

33. Denied.

34. Admitted.

35. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

36. Denied.

37. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. These Defendants deny that "these fights," as described in the preceding paragraphs, occurred, and deny that corrections officers made the inmates fight for a specific period of time. These Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph and thus can neither admit nor deny the same.

43. Denied.

44. Denied.

45. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

46. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

47. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

48. These defendants deny the allegations in this paragraph, including the allegations in subparts a-d.

49. Denied.

50. These Defendants admit that it is against DJJ and Macon RYDC policies to encourage or allow residents to fight. These defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and thus can neither admit nor deny the same.

51. Admitted.

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. These Defendants deny that there was an understaffing problem and therefore deny that Defendant Moore needed to do anything to remedy an understaffing problem.

59. Admitted.

60. Admitted.

61. These Defendants admit that Defendant Moore was acting under color of state law at all times relevant. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and thus can neither admit nor deny the same.

## RESPONSE TO "CAUSES OF ACTION"

### Response to "Count I"

62. These Defendants incorporate their responses to paragraphs 18 through 61, above, as if restated in full and set forth specifically herein.

63. These Defendants admit that the Eighth Amendment places a responsibility on prison officials to protect those within their custody, deny that this paragraph contains a full statement of the applicable law, deny that these Defendants violated Loyce Tucker's rights under the Eighth Amendment, and deny any remaining allegations in this paragraph.

64. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

65. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

66. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

67. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

**Response to "Count II"**

68. These Defendants incorporate their responses to paragraphs 18 through 61 and 63 to 67, above, as if restated in full and set forth specifically herein.

69. Denied.

70. These Defendants deny that there was a practice of juvenile inmates fighting one another and therefore deny that Defendant Moore needed to do anything to try to stop the practice of juvenile inmates fighting one another. These Defendants deny any remaining allegations in this paragraph.

71. Denied.

72. These Defendants admit that Defendant Moore was the director of Waycross RYDC and deny the remaining allegations in this paragraph.

73. Denied.

**Response to "Count III"**

74. These Defendants incorporate their responses to paragraphs 18 through 61, above, as if restated in full and set forth specifically herein.

75. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

76. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

77. Denied.

78. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

79. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

80. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

81. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

82. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

83. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus can neither admit nor deny the same.

**Response to "Count IV"**

84. These Defendants incorporate their responses to paragraphs 18 through 61 and 75 through 83, above, as if restated in full and set forth specifically herein.

85. These Defendants admit the GTCA provides for a limited waiver of the State's sovereign immunity, subject to the terms and conditions set forth therein, "for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances," and denies any remaining allegations contained in this paragraph. In further response, these Defendants deny that Plaintiffs have established a waiver of sovereign immunity in this action.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. These Defendants deny that Defendant Hicks or any other Waycross RYDC employees delayed medical care to Loyce Tucker. These Defendants admit the remaining allegations in this paragraph.

91. Denied.

**Response to "Count V"**

92. Denied.

93. Denied.

These Defendants deny any and all other allegations in the Second Amended Complaint not referred to herein specifically, deny all prayers of the Second Amended Complaint, and deny that Plaintiffs are entitled to recover against these Defendants in this case.

WHEREFORE, having answered fully, these Defendants request a jury trial on all issues so triable, that judgment be entered in their favor and against Plaintiffs on all claims, that Plaintiffs take nothing from these Defendants and that these Defendants be awarded and Plaintiffs be assessed all costs of this action, and that the Court enter such other relief as it deems just and proper.

Respectfully submitted,

CHRISTOPHER M. CARR 112505
Attorney General

LORETTA L. PINKSTON-POPE 580385
Deputy Attorney General

KATHLEEN S. TURNIPSEED 940900
Senior Assistant Attorney General

LAURA L. LONES 456778
Senior Assistant Attorney General

/s/ William Tomlin
WILLIAM L. TOMLIN 223213
Assistant Attorney General

/s/ William W. Peters
WILLIAM W. PETERS 515342
Assistant Attorney General

*Attorneys for Defendants Georgia Department of Juvenile Justice and Jimmy Moore*

PLEASE ADDRESS ALL COMMUNICATIONS TO:
William W. Peters
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
Telephone: (404) 458-4338
Facsimile: (404) 651-5304
wpeters@law.ga.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ William Peters
WILLIAM PETERS 515342
Assistant Attorney General