IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ASHLIE MUNCEY, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 5:23-cv-78 |
| v. | |
| THOMAS LEE HICKS, JR., et al., | |
| Defendants. | |

**O R D E R**

Defendant Hicks filed a Motion for Reconsideration of the Order Lifting Stay. Doc. 54. Defendant asks the Court to reconsider its decision to lift the stay in this case, arguing this case should be entirely stayed until Defendant Hicks's pending criminal prosecution has been resolved. Id. at 1. Plaintiff filed a Response, opposing Defendant Hicks's Motion and asking the Court to not stay the proceedings. Doc. 55. Defendant Hicks filed a Reply. Doc. 60.

For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion. Doc. 54. The Court reconsiders the previous Order lifting the stay in light of Defendant Hicks's pending criminal prosecution. However, even considering Defendant Hicks's prosecution, the original ruling stands, and Defendant Hicks's request for a complete stay is denied. Nonetheless, at this time, Plaintiffs are precluded from taking Defendant Hicks's deposition. Plaintiffs may depose Defendant Hicks at a later time, but only if they seek and obtain Court authorization to do so, if Defendant Hicks consents to being deposed, or if the criminal charges against Defendant Hicks are fully resolved. Additionally, the Court **ORDERS** the parties to submit a status update on Defendant Hicks's criminal proceedings every 60 days,

beginning on September 3, 2024. Finally, if the parties encounter difficulties in conducting discovery arising from Defendant Hicks's invocation of his Fifth Amendment rights, counsel should promptly bring the issue to the Court's attention through the informal discovery dispute resolution process.

## LEGAL STANDARD

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

## DISCUSSION

Defendant Hicks argues the Court did not address his criminal prosecution in the previous Order. Although the Court considered Defendant Hicks's criminal prosecution in its decision to lift the stay, the Court did not expressly state its reasoning in the previous Order. Therefore, the Court now addresses the impact of Defendant Hicks's criminal proceedings on this case. The Court has considered the additional arguments presented in the parties' briefing related to Defendant Hicks's Motion.

In his Motion, Defendant Hicks asserts the Court should address certain factors other district courts have considered when determining whether the interests of justice require a stay in light of a related criminal prosecution.  Doc. 54 at 3.  Defendant Hicks states the issues in his criminal case are identical to those in this civil case and the pending criminal action will force him to exercise his Fifth Amendment rights in this civil case, limiting his ability to defend himself.  Id. at 4.  Defendant Hicks also challenges Plaintiffs' assertions about the public interest in this case, arguing public concern in the case does not weigh against a stay.  Doc. 60 at 4.

Plaintiffs argue Defendant Hicks's Motion should be denied and the Court should allow discovery to proceed.  Doc. 55 at 3–4.  Plaintiffs argue although several issues in this case are also present in Defendant Hicks's criminal prosecution, discovery related to Plaintiffs' claims against the other two Defendants will have minimal effect on Defendant Hicks's prosecution.  Id. at 4.  Plaintiff also argues Defendant Hicks's invocation of the Fifth Amendment will not prejudice Defendant Hicks in this civil matter unless the Court orders adverse inferences to be made against Defendant Hicks based on his exercise of Fifth Amendment rights.  Id. at 5; see Standard Ins. Co. v. Riley, No. 6:19-CV-84, 2022 WL 838674, at *8 (S.D. Ga. Mar. 21, 2022) (declining to make any adverse inferences against defendant awaiting new criminal trial because it would be premature and could result in the "automatic entry of an adverse judgment" against the defendant).

## I.     Legal Standard

District courts have broad discretion to "stay proceedings before it in the control of its docket and in the interests of justice." Marti v. Iberostar Hoteles y Apartamentos S.L., 54 F.4th 641, 649 (11th Cir. 2022) (citing Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976)); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the

power inherent in every court to control the disposition . . . of its docket with economy of time and effort for itself, for counsel, and for litigants."). Indeed, staying a civil action until an overlapping criminal proceeding has ended is "within the power of the district court, and in accord with common practice." Wallace v. Kato, 549 U.S. 384, 393–94 (2007). The party seeking a stay has the burden to show harm if the case goes forward. Landis, 299 U.S. at 255. "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." SEC v. Wright, 261 F. App'x 259, 263 (11th Cir. 2008) (citing United States v. Lot 5, Fox Grove, Alachua Cnty., Fla., 23 F.3d 359, 364 (11th Cir. 1994)).

The Eleventh Circuit has defined the circumstances in which a stay in a civil case based on a parallel criminal proceeding is mandatory, but it has not stated what particular facts a court should consider when imposing a discretionary stay.[1] See Cira v. County of Henry, No. 1:21-CV1999, 2022 WL 18777372, at *2 (N.D. Ga. Jan. 21, 2022) (observing "the Eleventh Circuit has not adopted a factor test," but district courts in the Eleventh Circuit often consider a range of factors). District courts considering such requests often evaluate the following factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the

---

[1] A stay in a civil case based on a parallel criminal proceeding is mandatory only when "'special circumstances' so require in the 'interests of justice.'" United States v. Lot 5, Fox Grove, Alachua Cnty., Fla., 23 F.3d 359, 364 (11th Cir. 1994) (quoting United States v. Kordel, 397 U.S. 1, 12 & n.27 (1970)). Special circumstances may arise when the government "brought the civil case solely to obtain evidence for the criminal prosecution" or "the criminal case is unconstitutional or inappropriately instituted." SEC v. Wright, 261 F. App'x 259, 263 (11th Cir. 2008); see also United States v. Kordel, 397 U.S. 1, 11–12 (1970). Additionally, the Eleventh Circuit has explained a court can deny a request for a stay "so long as the privilege's invocation does not compel an adverse judgment against the claimant." United States v. Lot 5, 23 F.3d at 364. Stated differently, a stay shall be imposed if the civil defendant will, by invoking the privilege, face certain loss of the civil suit, "not merely the loss of his most effective defense." See Davis v. BOJ of WNC, LLC, No. CV 121-155, 2022 WL 18673309, at *2 (S.D. Ga. May 9, 2022) (citing United States v. Premises Located at Route 13, 946 F.2d 749, 756 (11th Cir. 1991)); Ct.-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer, No. 05-60584-CIV, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009) ("The law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue."). Defendants do not contend they would suffer a certain loss from Defendant Hicks's invocation of his Fifth Amendment privilege.

plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff from delay; (3) the burden any particular aspect of the proceedings may impose on the defendant; (4) the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; (6) the interests of the public in the pending civil and criminal litigation; (7) the extent the issues in both the civil and criminal cases overlap; and (8) the status of the criminal case.  See, e.g., Id.; SEC v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (citing Keating v. Off. of Thrift Supervision, 45 F.3d 322, 324–25 (9th Cir. 1995); and then citing Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523 (D.N.J. 1998)).  While these factors are informative, no one single factor is determinative, and not every factor will be relevant to every case.  Furthermore, at least one court has recognized that these factors tend to "coalesce" into four general categories: "the overlap between the criminal case and the civil case, the prejudice to the defendant absent a stay (including his Fifth Amendment privileges), prejudice to the plaintiff if the stay is granted, and any public and third-party interests."  Roche Diagnostics Corp. v. Priority Healthcare Corp., No. 218CV01479, 2019 WL 8014315, at *4 (N.D. Ala. Oct. 30, 2019).

**II.     Analysis**

The Court now considers the above-discussed relevant factors.  First, the extent to which the defendant's Fifth Amendment rights are implicated cuts somewhat in Plaintiffs' favor or is neutral.  Defendant Hicks argues the pending criminal action will force him to seek shelter from criminal liability using his Fifth Amendment rights.  Doc. 54 at 4.  Plaintiffs argue Defendant's Fifth Amendment invocations do not automatically bind him in this civil matter.  Doc. 55 at 4.  Plaintiffs cite other district courts that have declined to make adverse inferences in connection to Fifth Amendment invocations when deciding motions for summary judgment.  Id.  However, Defendant's Fifth Amendment concerns are minimal at this point and can be mitigated.

Plaintiffs have proposed beginning discovery with a focus on gathering information from the other Defendants and witnesses. Id. at 5–6. The Court also instructs Plaintiffs to delay Defendant Hicks's deposition until a later time. As most of Defendant Hicks's Fifth Amendment concerns arise from his deposition, waiting to schedule the deposition toward the end of discovery will mitigate any issues posed by the criminal prosecution. Since there would not be a significant Fifth Amendment concern with this limitation, this factor weighs in Plaintiffs' favor.

Second, Plaintiffs' interest in proceeding expeditiously weighs in Plaintiffs' favor. Plaintiffs have significant interest in proceeding expeditiously, as several key witnesses may be juvenile inmates who will only be in state custody for a limited amount of time. Doc. 28 at 6. Plaintiffs argue potential prejudice increases on a daily basis, as it has been almost two years since the subject incident occurred. Doc. 55 at 5. Defendant Hicks cites cases from other districts to argue Plaintiffs are not prejudiced by the delay and concern about an indefinite stay may be alleviated by modifying the stay. Doc. 60 at 3. However, Plaintiff has proposed such a modification. Plaintiffs proposed beginning discovery with a focus on gathering information from witnesses, deposing representatives of Defendant Department of Juvenile Justice ("DJJ"), and inspecting the detention center. Doc. 55 at 6. Given the proposed modification and Plaintiffs' interest in gathering information from other juvenile inmates, this factor weighs in Plaintiffs' favor.

Third, the burden imposed on Defendant Hicks weighs in Plaintiffs' favor. Defendant Hicks argues invoking the Fifth Amendment will cripple his ability to defend himself. Doc. 54 at 4. He also argues the criminal prosecution will interfere with the parties' ability to conduct discovery and investigative documents and materials will not be disclosed until the prosecution is complete. Id. Again, Plaintiffs' proposed discovery strategy mitigates the burden imposed on

Defendant Hicks.  As I stated previously, Defendant Hicks's deposition will not be able to go forward until later in discovery.  Additionally, Plaintiffs' proposed strategy focuses on gathering information and documents from the other Defendants and witnesses at this stage and would not limit Defendant Hicks's ability to defend himself.  Defendant Hicks points to no other burden from allowing discovery to proceed.  This factor weighs in Plaintiffs' favor.

Fourth, the public interest weighs somewhat in Plaintiffs' favor.  Plaintiffs cite a Georgia Bureau of Investigation ("GBI") press release to argue this case involves a matter of public concern.  Doc. 55 at 6.  Defendant Hicks argues the cited press release does not establish public concern in this case, as the GBI website shows over 300 press releases for the 2022 year.  Doc. 60 at 4.  Defendant Hicks argues there is no tangible public harm in this case and a stay should be granted.  Id.  Although there is no tangible public harm, the case involves a matter of public interest.  This case involves the death of a juvenile inmate at a regional youth detention facility.  Plaintiffs allege correctional officers organized fight games between juvenile inmates and their actions directly led to a juvenile inmate's death.  Doc. 55 at 1–2.  The behavior of correctional officers who have the responsibility of protecting and assisting juvenile inmates is certainly a matter of public concern.  The gravity of the situation and the resulting GBI investigation and press release show this is a matter of public interest.  This factor weighs in Plaintiffs' favor.

Lastly, the extent to which the issues overlap weighs somewhat in Plaintiffs' favor.  There is significant overlap between Defendant Hicks's criminal prosecution and this civil case, but this civil action involves matters beyond Defendant Hicks's actions.  There are two other Defendants in this case.  Discovery will delve into Defendant Moore's actions and his knowledge of the environment at Waycross Regional Youth Detention Center ("RYDC") and

7

Defendant DJJ policies. There is a significant amount of discovery that can be conducted without Defendant Hicks's involvement. This factor weighs somewhat in Plaintiffs' favor.

In sum, all relevant factors cut against allowing a complete stay in this case. Defendant Hicks's parallel criminal prosecution will not entirely impede Plaintiffs from conducting discovery related to the other Defendants and witnesses. Plaintiffs have a strong interest in proceeding with discovery to gather time-sensitive information related to other juvenile inmates. Plaintiffs should be allowed to proceed with some discovery, start collecting pertinent documents, and depose eyewitnesses and other DJJ and RYDC employees and representatives.

Although I will allow discovery to move forward, some limitations are appropriate to mitigate Defendant Hicks's Fifth Amendment concerns. Plaintiffs are precluded from taking Defendant Hicks's deposition until a later time. As Defendant Hicks's criminal prosecution is ongoing, Plaintiffs must wait to schedule Defendant Hicks's deposition until later. Plaintiffs may only depose Defendant Hicks through Court authorization or Defendant Hicks's consent. If the parties encounter any difficulties or complications arising from Defendant Hicks's invocation of his Fifth Amendment rights during discovery, counsel should immediately bring the issue to the Court's attention through the informal discovery dispute resolution process. The parties are also required to submit status updates on Defendant Hicks's criminal proceedings every 60 days.

## CONCLUSION

Therefore, the Court **GRANTS in part** and **DENIES in part** Defendant Hicks's Motion for Reconsideration. Doc. 54. The Court reconsiders the previous Order lifting the stay in light of Defendant Hicks's pending criminal prosecution. Defendant Hicks's request for a complete stay is denied. However, at this time, Plaintiffs are precluded from taking Defendant Hicks's deposition. Plaintiffs may depose Defendant Hicks if they seek and obtain Court authorization to

do so or if Defendant Hicks consents to being deposed.  Additionally, the Court **ORDERS** the parties to submit a status update on Defendant Hicks's criminal proceedings every 60 days, beginning on September 3, 2024.  Finally, if the parties encounter any difficulties in conducting discovery arising from Defendant Hicks's invocation of his Fifth Amendment rights, counsel should promptly bring the issue to the Court's attention through the informal discovery dispute resolution process.

**SO ORDERED**, this 12th day of July, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA